MARC S. HINES (SBN 140065)
mhines@hinescarder.com
CHRISTINE M. EMANUELSON (SBN 221269)
cemanuelson@hinescarder.com
MAHADHI CORZANO (SBN 254905)
mcorzano@hinescarder.com
HINES HAMPTON LLP
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.:   (714) 513-1122
Fax:   (714) 242-9529

Attorneys for Defendant,
AMCO Insurance Company

LEE TRAN & LIANG, LLP
  Geoffrey T. Tong (SBN 140312)
    geoff.tong@ltlattorneys.com
  James M. Lee (SBN 192301)
    james.lee@ltlattorneys.com
  Austiag H. Parineh (SBN 265866)
    austiag.parineh@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel.:   (213) 612-3737
Fax:   (213) 612-3773

Attorneys for Plaintiff.
Mid-Century Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMCO INSURANCE COMPANY, et al., <br><br> Defendants. | CASE NO.: 2:14-cv-02339-AB-JEM <br><br> **[PROPOSED] ORDER RE: JOINT STIPULATION FOR PROTECTIVE ORDER** |

**THE COURT, HAVING READ AND REVIEWED THE JOINT STIPULATION FOR PROTECTIVE ORDER ENTERED INTO BETWEEN THE PARTIES, NOW ORDERS AS FOLLOWS:**

///

1

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and Judge Birotte's standing order regarding filing documents under seal sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, valuable research, development, commercial and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information, from AMCO's perspective, and pursuant to the discovery propounded by Plaintiff to date this case, consist of, among other things, confidential insurance company information as to underwriting procedures and practices, information regarding confidential claims practices, information otherwise unavailable to the public and AMCO's competitors, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

AMCO contends it and Plaintiff, Mid-Century Insurance Company, are industry competitors who compete for the same type of insurance customers and offer services, in part, in the same insurance market, as evidenced by the very issues in this case involving commercial property and business income policies issued by AMCO and Mid-Century Insurance Company relating to the property at issue in this case.  Accordingly, AMCO contends a Highly Confidential-Attorneys' Eyes Only designation may be warranted with respect to certain confidential information, including, but not limited to, its guidelines, underwriting file documents and procedures, and rating information, which reflect AMCO's practices guides, practices and procedures, as the production of such information, if relevant in this action, to a direct competitor would place AMCO had a competitive disadvantage.

The parties reserve the right to challenge any Confidential and Highly Confidential-Attorneys' Eyes Only designation as set forth herein and, without waiver, stipulate and agree, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary use of such material in preparation for trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    **DEFINITIONS**

3.1    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

3.2    <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    <u>"CONFIDENTIAL" Information or Items:</u> information whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:  (a) is regarded by the Disclosing Party as being confidential, private, or proprietary in nature such that it qualifies for protection under Fed.R.Civ.P. 26(c)(1)(G); and/or (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; (c) has not been disclosed to the public; and (d) is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.  As illustrative examples only, AMCO anticipates that the following descriptive categories of its documents will be designated as Confidential Information under this Order including, but not limited to, claims handling guidelines, underwriting file documents and procedures, and rating information.  As illustrative examples only, Plaintiff anticipates that the following descriptive categories of its documents will be designated as Confidential Information under this Order, including, but not limited to, financial information of third parties; inside business information of third parties; and trade secret information of third parties marked confidential during examinations under oath.

3.4    <u>Counsel (without qualifier):</u> Outside Counsel of Record and House Counsel (as well as their support staff).

3.5    <u>Plaintiff's Designated Representatives:</u>  Plaintiff's one (1) designated Property Claims representative and one (1) designated Underwriting representative who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and each of whom have executed the Designated

Representative Acknowledgement Agreement to be Bound attached hereto as Exhibit B, and have returned the completed and executed Exhibit B to AMCO's Outside Counsel of Record prior to any receipt of and/or disclosure of the ""HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

3.6 <u>Designating Party:</u> a Party or Non-Party that designates information or items that produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", as defined below.

3.7 <u>Disclosure or Discovery Material:</u>  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8 <u>Expert:</u>  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

3.9 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u> extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.10 <u>House Counsel:</u>  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11 <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.12 <u>Outside Counsel of Record:</u>  attorneys who are not employees f a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

[Proposed] Order Re: Joint Stipulation For Protective Order

3.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This order does not govern the use of Protective Material at trial.

[Proposed] Order Re: Joint Stipulation For Protective Order

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATED PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

[Proposed] Order Re: Joint Stipulation For Protective Order

6.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend of either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (at any time before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. During the 21 day period, the Protected Material that is inspected, disclosed or produced at the deposition shall not be used or disclosed in any way by any Party of their Counsel, but shall be considered "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and subject to all the protections that this Order affords to Protected Material that is designated as such.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9

[Proposed] Order Re: Joint Stipulation For Protective Order

ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1   Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

7.3   The burden of persuasion of any challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may

[Proposed] Order Re: Joint Stipulation For Protective Order

expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the acknowledgements and agreements set forth in the attached Exhibit "Acknowledgements and Agreements to be Bound" (Exhibit A);

(b)    the officers directors, and employees (including House counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgements and Agreements to be Bound" (Exhibit A);

(c)     the Court and its personnel;

(d)     persons recording testimony, including court reporters, stenographers, audio and/or video technicians, and clerical staff employed by any of the foregoing,

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgements and Agreements to be Bound" (Exhibit A);

(f)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgements and Agreements to be Bound" (Exhibit A);

(g)  Witnesses during their depositions to whom disclosure is reasonably necessary and who have signed the "Acknowledgements and Agreements to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew of the information.

(i)     Mediators who have been retained to mediate the case or otherwise ordered by the Court to act as mediator in this matter.

(j)     Such other persons as hereafter may be designated by written stipulation of the parties, or by the Order of the Court.

The Receiving Party shall retain all signed "Acknowledgements and Agreements to be Bound" (Exhibit A), and make them available to counsel for the Designating Party upon request, provided that the identities of consultants,

[Proposed] Order Re: Joint Stipulation For Protective Order

including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

8.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Plaintiff's Designated Representatives;

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not currently employed by either party's competitors or (3) consulting with either Party's competitors about underwriting commercial insurance, and (4) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)];

(d) the Court and its personnel;

(e) persons recording testimony, including court reporters, stenographers, audio and/or video technicians, and clerical staff employed by any of the foregoing;

(f) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) Such other persons as hereafter may be designated by written stipulation of the parties, or by the Order of the Court.

## 9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or court ordered issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

///

///

///

**10.**   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligation of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)5(B).

## 13.1   MISCELLANEOUS

13.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification by the Court in the future.

13.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Local Rule 79-5(e) unless otherwise instructed by the Court.

Further, a party filing documents under seal must comply with Judge Birotte's standing order regarding filing documents under seal.  In pertinent part, the standing order states:

> Electronically file a NOTICE OF MANUAL FILING indicating that an application to seal, declaration giving notice or a proof of service, proposed order sealing and under seal documents have been submitted to the Court.

> Send an e-mail to the chambers e-mail at AB_Chambers@cacd.uscourts.gov, containing an Adobe PDF version of the application to seal, declaration giving notice or a proof of service, Word version of the proposed order (with the proposed denied instructions as stated above) and an Adobe PDF of the document(s) to be filed under seal with a caption page, clearly marked "UNDER SEAL." The subject line of the e-mail should have the case number, plus the words "UNDER SEAL REQUEST".

> A blue backed, tabbed (if appropriate) mandatory paper chambers copy of the documents listed above (all in one envelope) must be delivered to Judge Birotte's chambers box, on the 2nd floor of 312

[Proposed] Order Re: Joint Stipulation For Protective Order

N. Spring St., Los Angeles, California by 12:00 p.m. (noon) on the day after submission.

**Please note:** The title of the pleading will be placed on the public docket entry. For example: "Declaration of John Doe, Exhibit A." If approved, the document itself will be sealed and not viewable by the public, but the entry (title) will be viewable.

An application to file documents under seal must meet the requirements of Local Rule 79-5. Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with reasonable amount of effort. The parties should file both documents; complete versions of the pleadings and documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal. ***__On the un-redacted copies (sent via email and the chambers' copy, the parties ARE ORDERED to place in brackets and highlight the portion[s] of the document text and/or exhibits that have been redacted.__*** 

There is a strong presumption of access in civil cases. <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information sought to be filed under seal, the party seeking protection must identify and discuss the factual or legal justification for the Court to find "good cause" or "compelling reasons," as appropriate, that such document or type of information should be protected. <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Sealing must be justified for each individual item to be sealed or redacted; blanket claims of confidentiality are not allowed and will result in a denial of the application to seal. Counsel is strongly encouraged to consider carefully whether sealing or redaction is required for a given piece of evidence or argument. The inclusion of clearly meritless requests to seal or redact documents may result in the complete rejection of an application to seal.

///
///
///

18

[Proposed] Order Re: Joint Stipulation For Protective Order

**14.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, extracts, compilations, summaries and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party shall provide written certification to the Producing Party (and, if not the same person or entity, the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) confirms that the Receiving Party has not retained any copies, extracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by and any all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   May 20, 2015

_John E. McDermott_
HON. JOHN E. MCDERMOTT
MAGISTRATE JUDGE

[Proposed] Order Re: Joint Stipulation For Protective Order

# EXHIBIT A:

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ *[full name]*, of _____ *[full address]* declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2015 in the case of *Mid-Century Insurance Company v. AMCO Insurance Company Case,* No.: 2:14-cv-02339-AB-JEM.

I understand the terms of the Order and agree to comply with and be bound by the all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subjected to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I will not derive / attempt to derive personal benefit from any Protected Material, other than payment received in connection with services rendered in relation to the Lawsuit. Upon final dissolution of the Lawsuit, I shall return all copies of any Protected Material to the attorney that retained me in the Lawsuit, or that provided me with the Protected Material..

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ *[print full name]* of _____ _____ *[print full address and telephone number]* as my California agent for service of process in connection

[Proposed] Order Re: Joint Stipulation For Protective Order

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

[Proposed] Order Re: Joint Stipulation For Protective Order

## EXHIBIT B:

## DESIGNATED REPRESENTATIVE ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

I, _____ *[full name]*, of

_____ *[full address]* declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

_____, 2015 in the case of *Mid-Century Insurance Company v. AMCO*

*Insurance Company Case,* No.: 2:14-cv-02339-AB-JEM.

My current job title, and primary duties and responsibilities in connection

with my employment with Plaintiff are

_____

_____

_____.

I am informed and believe my primary job duties and responsibilities will not

change in the foreseeable future.

I have no involvement in competitive decision-making, e.g. advising on

decisions about adoption of claims handling policies and practices and/or adoption

of underwriting policies and practices, pricing, marketing, and/or the introduction

of new products for Mid-Century Insurance Company and of its affiliates.

I understand the terms of the Order and agree to comply with and be bound

by the all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to severe sanctions, which

may include, but is not limited to, terminating sanctions, evidence and/or issue

preclusion, and/or monetary sanctions against me and/or Mid-Century Insurance

Company.  I solemnly promise that I will not disclose in any manner any

information or item that is subjected to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

[Proposed] Order Re: Joint Stipulation For Protective Order

I will not derive / attempt to derive personal benefit from any Protected Material. Upon final dissolution of the Lawsuit, I shall return all copies of any Protected Material to Plaintiff's Outside Counsel of Record

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ *[print full name]* of _____ _____ *[print full address and telephone number]* as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

[Proposed] Order Re: Joint Stipulation For Protective Order